THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ARIEL A. NEUMAN (Cal. State Bar No.: 241594)
JUSTIN RHOADES (Cal. State Bar No.: 230463)
JEFF MITCHELL (Cal. State Bar No.: 236225)
Assistant United States Attorneys
Violent & Organized Crime Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2917/3380/0698
     Facsimile: (213) 894-3713
     E-mail: ariel.neuman@usdoj.gov
             justin.rhoades@usdoj.gov
             jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. 09-230(A)-SVW |
| | ) | |
| Plaintiff, | ) | PLEA AGREEMENT FOR DEFENDANT |
| | ) | ELSA PEREZ |
| v. | ) | |
| | ) | |
| RAMON NARCISO MORALES | ) | |
| MENDOZA, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

1.  This constitutes the plea agreement between ELSA PEREZ ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

//

//

1                                       PLEA

2          2.   Defendant agrees to plead guilty to count one of the

3     First Superseding Indictment in United States v. Ramon Narciso

4     Mendoza, et al., CR No. 09-230(A)-SVW.

5                          NATURE OF THE OFFENSE

6          3.   In order for defendant to be guilty of count one,

7     which charges a violation of Title 21, United States Code,

8     Section 846, the following must be true:

9               a.   Defendant entered into an agreement with at least

10    one other person to commit the crime of distribution of heroin;

11    and

12              b.   Defendant became a member of the conspiracy knowing

13    of at least one of its objects and intending to help accomplish

14    it.

15         4.   Moreover, in order for defendant to be subject to the

16    statutory maximum and statutory minimum sentence set forth below,

17    the government must prove beyond a reasonable doubt that it was

18    reasonably foreseeable to defendant that the scope of the

19    conspiracy of which defendant was a part involved the

20    distribution of at least one kilogram of a mixture or substance

21    containing a detectable amount of heroin, a schedule I narcotic

22    controlled substance.  Defendant admits that it was reasonably

23    foreseeable to defendant that the scope of the conspiracy of

24    which defendant was a part did, in fact, involve the distribution

25    of at least one kilogram of a mixture or substance containing a

26    detectable amount of heroin, as described in count one of the

27    First Superseding Indictment.

28

                                         2

PENALTIES

5.   The statutory maximum sentence that the Court can impose for this violation of Title 21, United States Code Section 846 is: lifetime imprisonment, a lifetime period of supervised release, a fine of $4,000,000, and a mandatory special assessment of $100.

6.   Absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f) and United States Sentencing Guideline § 5C1.2, the statutory mandatory minimum sentence that the Court must impose for this violation of Title 21, United States Code, Section 846 is: 10 years imprisonment, a 5-year term of supervised release, and a mandatory special assessment of $100.

7.  Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.  Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

9.   Under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social

3

1   Security Act or Federal Food Stamp Act and will not be eligible

2   for federal food stamp program benefits; furthermore, any such

3   benefits or assistance received by defendant's family members

4   will be reduced to reflect defendant's ineligibility.

5        10.   Defendant further understands that the conviction in

6   this case may subject defendant to various collateral

7   consequences, including but not limited to deportation,

8   revocation of probation, parole, or supervised release in another

9   case, and suspension or revocation of a professional license.

10  Defendant understands that unanticipated collateral consequences

11  will not serve as grounds to withdraw defendant's guilty plea.

12                           FACTUAL BASIS

13       11.   Defendant and the USAO agree and stipulate to the

14  statement of facts provided below.  This statement of facts is

15  sufficient to support a plea of guilty to the charge described in

16  this agreement and to establish the sentencing guideline factors

17  set forth in paragraph 14 below.  It is not meant to be a

18  complete recitation of all facts relevant to the underlying

19  criminal conduct or all facts known to either party that relate

20  to that conduct.

21       Beginning on a date unknown and continuing through April 9,

22  2009, defendant knowingly and intentionally conspired to

23  distribute more than 1 kilogram of heroin in East Los Angeles.

24  Specifically, defendant would receive black tar heroin imported

25  from Mexico, delivered to defendant by co-defendant Amelia

26  Mendoza, and others.  Defendant coordinated the delivery of

27  heroin to co-defendants Gilbert Padilla, Gilberto Aguilar,

28  Humberto Quiros, Giovanni Garcia-Aguilar, and Evelyn Mendoza.

                                4

Examples of defendant's activities in furtherance of the conspiracy include the following:  1) on December 19, 2008, defendant told co-defendant Gilberto Aguilar where to meet co-defendant Gilbert Padilla and others, and how much heroin to sell them; 2) on December 22, 2008, defendant discussed with co-defendant Amelia Mendoza an additional quantity of heroin to be provided to thirteen heroin distributors as Christmas gifts; 3) on December 23, 2008, defendant discussed with co-defendant Amelia Mendoza the distribution of proceeds derived from the sale of heroin; 4) on January 12, 2009, defendant and co-defendant Amelia Mendoza coordinated the distribution of heroin by defendants Giovanni Garcia-Aguilar and Gilberto Aguilar. Defendant also admits that she possessed with others 369.2 grams of heroin on March 24, 2009.

Throughout her participation in the conspiracy, defendant knew that the substance she conspired to and did possess and distribute was heroin.  Defendant further admits that she knew that the conspiracy to distribute heroin included an agreement to distribute more than 1 kilogram of heroin.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

12.  By pleading guilty, defendant gives up the following rights:

        a) The right to persist in a plea of not guilty.

        b) The right to a speedy and public trial by jury.

        c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial.  (In this regard, defendant understands that, despite her plea of guilty,

1   she retains the right to be represented by counsel -- and, if

2   necessary, to have the court appoint counsel if defendant cannot

3   afford counsel -- at every other stage of the proceeding.)

4        d) The right to be presumed innocent and to have the

5   burden of proof placed on the government to prove defendant

6   guilty beyond a reasonable doubt.

7        e) The right to confront and cross-examine witnesses

8   against defendant.

9        f) The right, if defendant wished, to testify on

10  defendant's own behalf and present evidence in opposition to the

11  charges, including the right to call witnesses and to subpoena

12  those witnesses to testify.

13       g) The right not to be compelled to testify, and, if

14  defendant chose not to testify or present evidence, to have that

15  choice not be used against defendant.

16       By pleading guilty, defendant also gives up any and all

17  rights to pursue any affirmative defenses, Fourth Amendment or

18  Fifth Amendment claims, and other pretrial motions that have been

19  filed or could be filed.

20                        SENTENCING FACTORS

21       13.  Defendant understands that the Court is required to

22  consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7),

23  including the kinds of sentence and sentencing range established

24  under the United States Sentencing Guidelines ("U.S.S.G." or

25  "Sentencing Guidelines"), in determining defendant's sentence.

26  Defendant further understands that the Sentencing Guidelines are

27  advisory only, and that after considering the Sentencing

28  Guidelines and the other § 3553(a) factors, the Court may be free

                                6

to exercise its discretion to impose any reasonable sentence up
to the maximum set by statute for the crime of conviction.

14.   Defendant and the USAO agree and stipulate to the
following applicable Sentencing Guidelines factors:

Base Offense Level :   32   U.S.S.G. § 2D1.1(c)(4)

Defendant and the USAO reserve the right to argue that
additional specific offense characteristics, adjustments, and
departures under the Sentencing Guidelines are appropriate.
Defendant also understands that defendant's base offense level
could be increased if defendant is a career offender under
U.S.S.G. §§ 4B1.1 and 4B1.2.  In the event that defendant's
offense level is so altered, the parties are not bound by the
base offense level stipulated to above.

15.   There is no agreement as to defendant's criminal
history or criminal history category.

16.   Defendant and the USAO, pursuant to the factors set
forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and
(a)(7), further reserve the right to argue for a sentence outside
the sentencing range established by the Sentencing Guidelines.

17.   The stipulations in this agreement do not bind either
the United States Probation Office or the Court.  Both defendant
and the USAO are free to: (a) supplement the facts by supplying
relevant information to the United States Probation Office and
the Court, (b) correct any and all factual misstatements relating
to the calculation of the sentence, and (c) argue on appeal and
collateral review that the Court's Sentencing Guidelines
calculations are not error, although each party agrees to
maintain its view that the calculations in paragraph 14 are

1   consistent with the facts of this case.

2                          DEFENDANT'S OBLIGATIONS

3       18.   Defendant agrees that she will:

4           a) Plead guilty as set forth in this agreement.

5           b) Not knowingly and willfully fail to abide by all

6   sentencing stipulations contained in this agreement.

7           c) Not knowingly and willfully fail to: (i) appear for

8   all court appearances, (ii) surrender as ordered for service of

9   sentence, (iii) obey all conditions of any bond, and (iv) obey

10  any other ongoing court order in this matter.

11          d) Not commit any crime; however, offenses which would

12  be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are

13  not within the scope of this agreement.

14          e) Not knowingly and willfully fail to be truthful at

15  all times with Pretrial Services, the U.S. Probation Office, and

16  the Court.

17          f) Pay the applicable special assessment at or before

18  the time of sentencing unless defendant lacks the ability to pay

19  and submits a completed financial statement (form OBD-500) to the

20  USAO prior to sentencing.

21                          THE USAO'S OBLIGATIONS

22      19.   If defendant complies fully with all defendant's

23  obligations under this agreement, the USAO agrees:

24          a) To abide by all sentencing stipulations contained in

25  this agreement.

26          b) At the time of sentencing to move to dismiss the

27  remaining counts of the indictment as against defendant.

28  Defendant agrees, however, that at the time of sentencing the

                                    8

1  Court may consider the dismissed counts in determining the

2  applicable Sentencing Guidelines range, where the sentence should

3  fall within that range, the propriety and extent of any departure

4  from that range, and the determination of the sentence to be

5  imposed after consideration of the Sentencing Guidelines and all

6  other relevant factors under 18 U.S.C. § 3553(a).

7       c) At the time of sentencing, provided that defendant

8  demonstrates an acceptance of responsibility for the offense up

9  to and including the time of sentencing, to recommend a two-level

10 reduction in the applicable sentencing guideline offense level,

11 pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary,

12 move for an additional one-level reduction if available under

13 that section.

14      d) To recommend that defendant be sentenced to a term

15 of imprisonment at the low end of the applicable Sentencing

16 Guidelines imprisonment range provided that the total offense

17 level as calculated by the Court is 29 or higher and provided

18 that the Court does not depart downward in offense level or

19 criminal history category.  For purposes of this agreement, the

20 low end of the Sentencing Guidelines imprisonment range is that

21 defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

22                    <u>BREACH OF AGREEMENT</u>

23      20.  If defendant, at any time after the execution of this

24 agreement, knowingly violates or fails to perform any of

25 defendant's agreements or obligations under this agreement ("a

26 breach"), the USAO may declare this agreement breached.  If the

27 USAO declares this agreement breached at any time following its

28 execution, and the Court finds such a breach to have occurred,

                              9

1  then: (a) if defendant has previously entered a guilty plea,

2  defendant will not be able to withdraw the guilty plea, and (b)

3  the USAO will be relieved of all of its obligations under this

4  agreement.

5      21.  Following the Court's finding of a knowing and willful

6  breach of this agreement by defendant, should the USAO elect to

7  pursue any charge that was either dismissed or not filed as a

8  result of this agreement, then:

9          a) Defendant agrees that any applicable statute of

10  limitations is tolled between the date of defendant's signing of

11  this agreement and the commencement of any such prosecution or

12  action.

13         b) Defendant gives up all defenses based on the statute

14  of limitations, any claim of pre-indictment delay, or any speedy

15  trial claim with respect to any such prosecution, except to the

16  extent that such defenses existed as of the date of defendant's

17  signing this agreement.

18         c) Defendant agrees that: (i) any statements made by

19  defendant, under oath, at the guilty plea hearing (if such a

20  hearing occurred prior to the breach); (ii) the stipulated

21  factual basis statement in this agreement; and (iii) any evidence

22  derived from such statements, are admissible against defendant in

23  any such prosecution of defendant, and defendant shall assert no

24  claim under the United States Constitution, any statute, Rule 410

25  of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules

26  of Criminal Procedure, or any other federal rule, that the

27  statements or any evidence derived from any statements should be

28  suppressed or are inadmissible.

10

<u>LIMITED MUTUAL WAIVER OF APPEAL</u>

22.  Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, and (b) the Court imposes a sentence within or below the range corresponding to a total offense level of 29, and the applicable criminal history category as determined by the Court. Notwithstanding the foregoing, defendant retains any ability defendant has to appeal the conditions of supervised release imposed by the Court, with the exception of the following: conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

23.  The USAO gives up its right to appeal the sentence, provided that (a) the sentence is within the statutory minimum and maximum specified above and is constitutional, and (b) the Court imposes a sentence within or above the range corresponding to a total offense level of 29, and the applicable criminal history category as determined by the Court.

<u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

24.  Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate

11

1   defendant's guilty plea on any remaining count of conviction,
2   with both the USAO and defendant being released from all of their
3   obligations under this agreement, or (c) leave defendant's
4   remaining conviction, sentence, and plea agreement intact.
5   Defendant agrees that the choice among these three options rests
6   in the exclusive discretion of the USAO.

7                              COURT NOT A PARTY

8       25.  The Court is not a party to this agreement and need not
9   accept any of the USAO's sentencing recommendations or the
10  parties' stipulations.  Even if the Court ignores any sentencing
11  recommendation, finds facts or reaches conclusions different from
12  any stipulation, and/or imposes any sentence up to the maximum
13  established by statute, defendant cannot, for that reason,
14  withdraw defendant's guilty plea, and defendant will remain bound
15  to fulfill all defendant's obligations under this agreement.  No
16  one -- not the prosecutor, defendant's attorney, or the Court --
17  can make a binding prediction or promise regarding the sentence
18  defendant will receive, except that it will be within the
19  statutory maximum.

20                          NO ADDITIONAL AGREEMENTS

21      26.  Except as set forth herein, there are no promises,
22  understandings or agreements between the USAO and defendant or
23  defendant's counsel.  Nor may any additional agreement,
24  understanding or condition be entered into unless in a writing
25  signed by all parties or on the record in court.

26          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27      27.  The parties agree and stipulate that this Agreement
28  will be considered part of the record of defendant's guilty plea

                                   12

1  hearing as if the entire Agreement had been read into the record

2  of the proceeding.

3      This agreement is effective upon signature by defendant and

4  an Assistant United States Attorney.

5  AGREED AND ACCEPTED

6  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA

7
   THOMAS P. O'BRIEN

8  United States Attorney

9  _____          7/14/09
                                         _____
   ARIEL A. NEUMAN                       Date

10 JUSTIN RHOADES
   JEFF MITCHELL

11 Assistant United States Attorneys

12     I, ELSA PEREZ, have read this agreement and carefully

13 discussed every part of it with my attorney.  It has been read to

14 me in Spanish, the language I understand best.  I understand the

15 terms of this agreement, and I voluntarily agree to those terms.

16 My attorney has advised me of my rights, of possible defenses, of

17 the sentencing factors set forth in 18 U.S.C. § 3553(a), of the

18 relevant Sentencing Guidelines provisions, and of the

19 consequences of entering into this agreement.  No promises or

20 inducements have been given to me other than those contained in

21 this agreement.  No one has threatened or forced me in any way to

22 enter into this agreement.  Finally, I am satisfied with the

23 representation of my attorney in this matter.

24

25 _____          7-2-09
                                         _____
   ELSA PEREZ                            Date

26 Defendant

27

28

                        13

1    I, _____, am fluent in written and spoken

2   English and Spanish languages.  I accurately translated this

3   entire agreement from English into Spanish to defendant ELSA

4   PEREZ on this date.

5   _____

                                        Date

6   Interpreter

7

8    I am ELSA PEREZ's attorney.  I have carefully discussed

9   every part of this agreement with my client.  Further, I have

10  fully advised my client of her rights, of possible defenses, of

11  the sentencing factors set forth in 18 U.S.C. § 3553(a), of the

12  relevant Sentencing Guidelines provisions, and of the

13  consequences of entering into this agreement.  To my knowledge,

14  my client's decision to enter into this agreement is an informed

15  and voluntary one.

16

17  _____          07/02/2009
                                       Date
18  ANDREW J. VAZQUEZ
    Counsel for Defendant
    ELSA PEREZ
19

20

21

22

23

24

25

26

27

28

                              14